1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BMO BANK N.A.,                          Case No. 2:25-mc-00103-DJC-CSK

12              Plaintiff,

13         v.                                 ORDER TO SHOW CAUSE RE:
                                              CONTEMPT
14    PERFECT TRUCKLINES INC., et al.,

15              Defendant.

16

17         This case is before the undersigned pursuant to Local Rule 302(c)(1). For the

18    reasons that follow, civil contempt proceedings are warranted. Accordingly, the

19    undersigned hereby certifies facts regarding contempt to U.S. District Judge Daniel J.

20    Calabretta, and orders defendant to show cause before Judge Calabretta why it should

21    not be held in contempt.

22    I.    CERTIFCATION PROCEDURE AND CONTEMPT STANDARDS

23         Magistrate judges must refer contempt proceedings to district judges. *See*

24    28 U.S.C. § 636(e). A magistrate judge may investigate whether further contempt

25    proceedings are warranted and certify such facts to a district judge. 28 U.S.C. § 636(e);

26    *see also Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969,

27    971 (C.D. Cal. 2008). A magistrate judge may not, however, conduct a contempt hearing

28

                                          1

1    in a civil case absent consent jurisdiction.[1]

2          The Federal Magistrates Act establishes a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

9    28 U.S.C. § 636(e)(6)(B)(iii).

10          Under this process, the magistrate judge functions to certify the facts and not to

11    issue an order of contempt. *See id*; *see also Bingman v. Ward*, 100 F.3d 653, 656-57

12    (9th Cir. 1996). By certifying facts under Section 636(e), the magistrate judge is simply

13    attesting that further contempt proceedings are warranted. *See* 28 U.S.C. § 636(e);

14    *Gomez v. Scoma's Inc.*, 1996 WL 723082, at *3 (N.D. Cal. Dec. 2, 1996). The

15    certification of facts is typically included in an order to show cause why a contempt

16    citation should not issue, which also provides notice of a date for the hearing. 28 U.S.C.

17    § 636(e); *Alcalde*, 580 F. Supp. 2d at 971 (citing Schwarzer, Tashima & Wagstaffe,

18    *Federal Civil Procedure Before Trial* at ¶ 11:2316). The district court, upon certification of

19    the facts supporting a finding of contempt, is then required to conduct a de novo hearing

20    at which issues of fact and credibility determinations are to be made. *See Taberer v.*

21    *Armstrong World Indus.*, Inc., 954 F.2d 888, 907-08 (3d Cir. 1992) (holding that it was

---

[1]   Under the Federal Magistrates Act, 28 U.S.C. § 636(e), magistrate judges' contempt authority is limited to specific matters within magistrate judges' regular statutory jurisdiction. Magistrate judges may exercise summary criminal contempt authority, for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4); *see also Irwin v. Mascott*, 370 F.3d 924, 932 (9th Cir. 2004) (affirming a magistrate judge's civil contempt order in a civil consent case). In all other instances where a person has committed an act constituting contempt in a proceeding before the magistrate judge, the magistrate judge must follow the certification procedure discussed in this order.

1  error for the district court not to conduct a de novo hearing after the magistrate judge

2  issued a certification of contempt).

3       Where the relief sought in contempt proceedings involves compulsory and

4  compensatory sanctions, including conditional confinement employed to compel

5  compliance, then the proceeding is for civil contempt. *See Shillitani v. United States*, 384

6  U.S. 364, 369-70 (1966); *United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980). To

7  find civil contempt, "the court need only (1) have entered a clear and unambiguous

8  order, (2) find it established by clear and convincing evidence that the order was not

9  complied with, and (3) find that the alleged contemnor has not clearly established his

10  inability to comply with the terms of the order." *Huber v. Marine Midland Bank*, 51 F.3d 5,

11  10 (2d Cir. 1995). A civil contempt finding does not require a willful violation of the order

12  in order for the court to find civil contempt. *Asay*, 614 F.2d 661; *see also United States v.*

13  *Laurins*, 857 F.2d 529, 534 (9th Cir. 1988).

14  **II.      CERTIFIED FACTS**

15       The undersigned has carefully reviewed the record in this case and the Proposed

16  Certification of Facts Regarding Contempt submitted by Plaintiff Judgment Creditor BMO

17  Bank N.A. (ECF No. 28.) The undersigned certifies the following facts pursuant to

18  28 U.S.C. § 636(e)(6)(B)(iii):

19      1.    On June 18, 2025, Plaintiff Judgment Creditor filed Applications for

20            Appearance and Examination of a Judgment Debtor to enforce a judgment

21            as to the Person Most Knowledgeable of Defendant Perfect Trucklines, Inc.

22            and Sandeep Kaur. (ECF Nos. 9, 11.)

23      2.    On June 23, 2025, this Court issued orders and scheduled the judgment

24            debtor examinations of Ms. Kaur for August 19, 2025 and of Defendant

25            Perfect Trucklines, Inc. for August 26, 2025. (ECF Nos. 13, 14.)

26      3.    On August 15, 2025, this Court issued an order continuing the judgment

27            debtor examination of Ms. Kaur from August 19, 2025 to August 26, 2025,

28            the same date as the previously ordered and scheduled judgment debtor

1    examination of Defendant. (ECF No. 21.)

2    4.    This Court's orders that Defendant and Ms. Kaur appear at the August 26,

3    2025 judgment debtor exam were specific and definite. 6/23/2025 Order

4    (ECF No. 14); 8/15/2025 Order (ECF No. 21).

5    5.    Plaintiff Judgment Creditor appeared on August 26, 2025 for the judgment

6    debtor exam as ordered, but Defendant and Ms. Kaur failed to appear.

7    8/26/2025 Minutes (ECF No. 23). The judgment debtor exam was then

8    continued to October 2, 2025, and transitioned to a remote Zoom

9    proceeding. *Id.*; 9/10/2025 Notice (ECF No. 24).

10    6.    Defendant and Ms. Kaur again failed to appear on October 2, 2025 for the

11    judgment debtor exam by Zoom. 10/2/2025 Minutes (ECF No. 25). The

12    judgment debtor exam was continued to November 7, 2025, and this Court

13    ordered Defendant and its agents, Ms. Kaur and Parminder Singh, to

14    appear in-person on November 7, 2025. *Id.*; 10/10/2025 Order (ECF No.

15    27). This Court expressly warned Defendant and its agents that the

16    "continued to failure to appear at the court ordered Judgment Debtor

17    Examination may result in the imposition of sanctions, including a finding of

18    contempt of court." 10/10/2025 Order.

19    **III.    FURTHER CONTEMPT PRODCEEDINGS ARE WARRANTED**

20    Based on the foregoing facts, the Court finds that further civil contempt

21    proceedings are warranted. The Court's order that defendant appear at the August 26,

22    2025 judgment debtor exam was specific and definite. 8/15/2025 Order (ECF No. 21).

23    Despite that fact, Defendant failed to appear on August 26, 2025. 8/26/2025 Minutes

24    (ECF No. 23). The judgment debtor exam was then continued to October 2, 2025, and

25    transitioned to a remote Zoom proceeding. *Id.*; 9/10/2025 Notice (ECF No. 24).

26    Defendant again failed to appear on October 2, 2025. 10/2/2025 Minutes (ECF No. 25).

27    For these reasons, further civil contempt proceedings are warranted to ensure

28    Defendant's compliance with the Court's orders.

4

1    **IV.    CONCLUSION**

2         Accordingly, IT IS HEREBY ORDERED that:

3         1.    Defendant is hereby ordered to appear and SHOW CAUSE why it should

4               not be found in contempt based upon the facts this court has certified;

5         2.    This Order to Show Cause may be discharged if Defendant and its agents,

6               Parminder Singh and Sandeep Kaur, appear in-person as ordered at the

7               November 7, 2025 judgment debtor examination (ECF No. 27);

8         3.    If the Order to Show Cause is not discharged by Defendant's appearance

9               at the November 7, 2025 judgment debtor examination, a contempt hearing

10              will be held before Judge Calabretta on Wednesday, November 19, 2025

11              at 1:30 PM in person in Courtroom 7, 14th floor in the federal courthouse

12              located at 501 I Street, Sacramento, CA 95814; and

13        4.    The Clerk of the Court shall serve a copy of this order on Defendant at the

14              following addresses and e-mail addresses: (a) Perfect Trucklines, Inc.,

15              Parminder Singh, 813 Harbor Blvd., #325, West Sacramento, CA 95835;

16              (b) Sandeep Kaur, 813 Harbor Blvd., #325, West Sacramento, CA 95835;

17              (c) perfecttrucklines@yahoo.com; and (d) sandeep1696@yahoo.com.

18

19

20    Dated:  October 22, 2025

21                                                    CHI SOO KIM
                                                      UNITED STATES MAGISTRATE JUDGE
22

23

24    csk, bmo.0103.25

25

26

27

28

                                         5